IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISION, ) ) ) | |
| Plaintiff, ) | Civil Action No. 07C 5317 |
| ) ) | Judge: COAR |
| v. ) ) | |
| JAMES ORRINGTON D.M.D., LTD., ) ) ) | Jury Trial Demanded |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant, James Orrington, D.M.D., Ltd., by his attorneys, John O'Connor of Hubbard and O'Connor, Ltd. and Michael Favia of Goldberg & Frankenstein LLC, answers the Complaint in this matter as follows:

## NATURE OF THE ACTION.

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, to correct unlawful employment practices on the basis of sex, religion, and retaliation and to provide appropriate relief to Janene Blair, Valerie Duncan, Shauna Dunlap, Shenina Fletcher, Hilary Holmes, Kimberly Jones, Tracy Mayfield, LaSean Miller, Nicole Peden, Kenyatta Williams and a class of employees who were adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant James Orrington D.M.D., Ltd. ("Defendant") discriminated against Blair, Duncan, Dunlap, Fletcher, Holmes, Jones,

1

Mayfield, Peden, Williams, and a class of female employees by subjecting them to harassment because of their sex, female. EEOC alleges that Defendant discriminated against Dunlap by constructively discharging her because of her sex, female. EEOC alleges that Defendant discriminated against Blair by discharging her because of her sex, female. EEOC alleges that Defendant discriminated against Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, Williams, and a class of employees by subjecting them to harassment because of their religion, non-Scientology. EEOC alleges that Defendant discriminated against Fletcher, Mayfield, Miller, Peden, Williams, and a class of employees by discharging them in retaliation for complaining about unlawful sexual harassment and/or religious discrimination. EEOC alleges that Defendant retaliated against Duncan and a class of employees for complaining about unlawful sexual harassment and/or religious discrimination by subjecting them to different terms and conditions of employment and constructively discharging them. Finally, EEOC alleges that Defendant retaliated against Fletcher, Duncan, and a class of employees for complaining about unlawful sexual harassment and/or religious discrimination by providing negative references to prospective employers.

**RESPONSE:** Defendant admits that the Plaintiff, U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") purports to bring this action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991 and seeks relief for the persons identified therein and alleges discrimination. Defendant denies all allegations of unlawful discrimination, denies that any of the persons identified therein or the EEOC are entitled to any relief whatsoever and denies any other allegations.

## JURISDICTION AND VENUE

1.  Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

    **RESPONSE**: Defendant admits the allegations contained in Paragraph 1.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

    **RESPONSE:** Defendant admits that the EEOC has alleged unlawful employment practices within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division but denies that Defendant has committed or is committing any unlawful employment practices.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(F)(1) and (3) of Title VII, 42 U.S.C. § 2000e-S(f)(l) and (3).

3

**RESPONSE**: Defendant denies that the EEOC is authorized to bring this action against Defendant because Defendant was not an employer as defined by Title VII during the relevant time period. Defendant admits the remaining allegations contained in Paragraph 3.

4. At all relevant times, Defendant has continuously been and is now doing business in the State of Illinois, including the City of Chicago, and has continuously had at least fifteen (15) employees.

**RESPONSE**: Defendant admits that Defendant has continuously been and is now doing business in the State of Illinois, City of Chicago. Defendant denies the remaining allegations contained in Paragraph 4.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

**RESPONSE**: Defendant denies the allegations contained in Paragraph 5.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, and Williams filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

4

**RESPONSE**: Defendant denies that all conditions precedent to the institution of this lawsuit have been fulfilled. Defendant admits the remaining allegations of Paragraph 6.

7. Since at least 1998, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) of Title VII. Such unlawful employment practices include:

(a) subjecting Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Peden, Williams and a class of female employees to harassment because of their sex, in continuing violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1);

(b) constructively discharging Dunlap because of her sex, female, in violation of Section 703(a)(l), 42 U.S.C. § 2000e-2(a)(1);

(c) discharging Blair because of her sex, female, in violation of Section 703(a)(l), 42 U.S.C. § 2000e-2(a)(1);

(d) subjecting Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, Williams and a class of employees to harassment because of their religion, non-Scientology, in continuing violation of Section 703(a)(l), 42 U.S.C. § 2000e- 2(a)(l), including but not limited to, by requiring that they engage in Scientology religious practices and learn about Scientology as conditions of their employment;

(e) discharging Fletcher, Mayfield, Miller, and a class of employees in violation of Section 704(a), 42 U.S.C. § 2000e-3(a), because they complained about sexual

5

harassment and/or religious discrimination, including but not limited to, by filing charges of discrimination with the Chicago Commission on Human Relations and the EEOC;

(f) discharging Peden, Williams, and a class of employees in violation of Section 704(a), 42 U.S.C. § 2000e-3(a), because they complained about sexual harassment and/or religious discrimination;

(g) subjecting Duncan and a class of employees to different terms and conditions of employment, including, but not limited to, reduced work hours, discipline, and harassment, in retaliation for complaining about sexual harassment and/or religious discrimination, in violation of Section 704(a), 42 U.S.C. § 2000e-3(a);

(h) constructively discharging Duncan and a class of employees in retaliation for complaining about sexual harassment and/or religious discrimination, in violation of Section 704(a), 42 U.S.C. § 2000e-3(a); and

(i) subjecting Fletcher, Duncan, and a class of employees to different terms and conditions of employment by providing them with negative employment references because they complained about sexual harassment and/or religious discrimination, in violation of Section 704(a), 42 U.S.C. § 2000e-3(a).

**RESPONSE:** Defendant denies the allegations contained in Paragraph 7.

8. The effect of the practices complained of in paragraph seven (7) above has been to deprive Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Peden, Williams and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

**RESPONSE:** Defendant denies the allegations contained in Paragraph 8.

6

9. The effect of the practices complained of in paragraph seven (7) above has also been to deprive Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, Williams and a class of employees of equal employment opportunities and otherwise adversely affect their scams as employees because of their religion, non-Scientology.

**RESPONSE:** Defendant denies the allegations contained in Paragraph 9.

10. The further effect of the practices complained of in paragraph seven (7) above has been to deprive Duncan, Fletcher, Mayfield, Miller, Peden, Williams, and a class of employees of equal employment opportunities and otherwise adversely affect their status as employees because they complained about sexual harassment and/or religious discrimination.

**RESPONSE:** Defendant denies the allegations contained in Paragraph 10.

11. The unlawful employment practices complained of in paragraph seven (7) above were and are intentional.

**RESPONSE:** Defendant denies the allegations contained in Paragraph 11.

12. The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, Williams and a class of employees.

**RESPONSE:** Defendant denies the allegations contained in Paragraph 12.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion;

C.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any employee for opposing any practice made unlawful by Title VII or for filing a charge, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII.

D.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

E.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of religion, and which eradicate the effects of its past and present unlawful employment practices;

F.  Order Defendant to make whole Blair, Duncan, Dunlap, Fletcher, Mayfield,

8

Miller, Peden, Williams and a class of employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

G. Order Defendant to make whole Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, and Williams and a class of employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

H. Order Defendant to make whole Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, Williams and a class of employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

I. Order Defendant to pay Blair, Duncan, Dunlap, Fletcher, Holmes, Jones, Mayfield, Miller, Peden, Williams and a class of employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

J. Grant such further relief as the Court deems necessary and proper in the public interest; and

K. Award the Commission its costs in this action.

**RESPONSE:** Defendant denies that the EEOC and the named persons and class of employees are entitled to any relief of any kind and prays that this court deny any and all such relief.

### AFFIRMATIVE DEFENSES

1. Defendant exercised reasonable care to prevent and correct promptly any

9

alleged discriminatory behavior based on sex, religion, or any other factor prohibited by law.

2. Defendant was not an employer within the meaning of Title VII during all relevant times as he lacked the requisite number of employees.

3. The named persons and class has failed to mitigate their damages, if any.

4. To the extent Plaintiff is seeking to recover damages for actions that occurred outside of the applicable statute of limitations, such claims are barred by the applicable statute of limitations.

5. Defendant would have made the same decisions and taken the same actions regardless of any unlawful motives alleged by Plaintiff.

6. The named persons and class unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court dismiss the Complaint with prejudice and award Defendant all of its costs and attorneys' fees in this matter.

                Respectfully submitted,

                JAMES ORRINGTON D.M.D., LTD.,
                Defendant

                s/ John O'Connor

John O'Connor
Elizabeth Hubbard
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
(312) 421.5960

Michael Favia
Goldberg & Frankenstein LLC
222 South Riverside Plaza
Suite 810
Chicago, Illinois 60606

## **CERTIFICATE OF SERVICE**

I, John O'Connor, an attorney, hereby certify that on November 19, 2007, I electronically filed the foregoing **Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the U.S. District Court for the Northern District of Illinois, using the CM/ECF system which will send notification of such filing(s) to the following:

    Ann M. Henry, Esq.
    United States Equal Opportunity Employment Commission
    500 West Madison Street
    Suite 2800
    Chicago, Illinois 60661

                                        Respectfully submitted,
                                        JAMES ORRINGTON D.M.D.,
                                        LTD.,
                                        Defendant

                                        /s/ John O'Connor

John O'Connor
Elizabeth Hubbard
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
312-421-5960

Michael Favia
Goldberg & Frankenstein LLC
222 South Riverside Plaza
Suite 810
Chicago, Ilinois 60606